**COGNEX CORPORATION, Plaintiff**

v.

**ELECTRO SCIENTIFIC INDUSTRIES, INC. Defendant**

No. CIV.A. 01–10287–RCL.

United States District Court, D. Massachusetts.

Jan. 3, 2003.

48

Michael E. Attaya, Thomas C. O'Konski, Kevin Gannon, Cesari & McKenna, LLP, Boston, MA, for Cognex Corporation, Plaintiff.

Claire Laporte, Robert L. Bocchino, Jr., John M. Granberry, Foley Hoag LLP, Boston, MA, for Electro Scientific Industries, Inc., Defendant.

*ORDER ON PLAINTIFF'S REQUEST FOR RECONSIDERATION, CORRECTION AND/OR CLARIFICATION OF RULING ON CONSTRUCTION OF CLAIMS*

LINDSAY, District Judge.

Before the court is a motion of the plaintiff, Cognex Corporation, for reconsideration, correction and/or clarification of the court's construction of the claims at issue in this case. *See Cognex Corp. vs. Electro Scientific Industries, Inc.,* 214 F.Supp.2d 110 (D.Mass.2002). Except as noted in the following paragraphs, I see no need to reconsider, correct and/or clarify my construction of claims.

The parties are agreed, and on reflection I concur, that my construction of the term "UDL means" improperly imports the word "creating" into the claim, *see Cognex,* 214 F.Supp.2d at 121, 124, and that the word "storing" should be used instead.

The proper construction of UDL means, therefore, is as follows:

The UDL means performs the function of *storing* a description of the shapes of the SMDs, including attributes of these shapes. Specifically, it performs the functions indicated as the four "important components" of the UDL means in the specification: geometric description, imaging setup, positional uncertainty, and placement criteria. The first of these indicates that the UDL means describes the shape of the components while the other three allow the system to know what a shape would look like in an image and roughly where to locate it.

I also agree with the parties that my specification of the structure corresponding to the "inspection means" is too inclusive. I specified that the structure corresponding to the inspection means was:

indicated by element 34 in figure 1 of the patent, a computer program that includes a reference to a plan file, and is described in the text at column 7, line 11 to column 10, line 4 (describing the vision tools) and column 19, line 59 to column 21, line 61 (describing the inspection means).

*Cognex,* 214 F.Supp.2d at 124, 125.

Upon reconsideration, I conclude that column 20, line 56 through column 21, line 61, addressing segment inspection, and final placement computation are not part of the structure corresponding to the inspection means.

Properly specified, the structure corresponding to the inspection means:

is indicated by element 34 in figure 1 of the patent, a computer program that includes a reference to a plan file, and is described in the text at column 7, line 11 to column 10, line 4 (describing the vision tools) and column 19, line 59 to

column 20, line 55 (describing the inspection means).

To the extent set out above, my memorandum on construction of claims is modified. In all other respects, the memorandum is unchanged.

SO ORDERED.